UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENOH A. JOHNSON,                      )
          Plaintiff,                  )
                                      )     C.A. No. 12-10908-DPW
          v.                          )
                                      )
JOSEPH D. McDONALD, et al.,           )
          Defendants.                 )
                                      )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, plaintiff's claims against the Plymouth County Sheriff are dismissed, the claims against Superintendent Norton and Social Worker Smethurst in the amended complaint re allowed to proceed at this time.  Plaintiff's motions for counsel and for the production of his medical records are denied without prejudice.

<u>BACKGROUND</u>

Plaintiff Enoh Johnson initiated this action by filing a pro se complaint seeking monetary damages for alleged violations of his civil rights while he was detained at the Plymouth Correctional Facility.  The complaint named the Plymouth County Sheriff as sole defendant.

By Order dated June 18, 2012, plaintiff's Application to Proceed Without Prepayment of Fees was granted and plaintiff was advised of the pleading deficiencies of his original complaint. <u>See</u> Docket No. 4.  The June 18, 2012 Memorandum and Order recognized that plaintiff complains that he was injured by the actions of one or more correctional officers during his detention at the Plymouth County Correctional Facility, there were no

allegations that the Sheriff, the only defendant identified, was personally involved in any of the incidents described in the complaint.  Plaintiff was advised that the Sheriff is not amenable to suit, as pled in the complaint, merely because he is the Plymouth County Sheriff.

Now before the Court is plaintiff's amended complaint.  <u>See</u> Docket No. 6.  Plaintiff also filed a motion for appointment of counsel and a motion for plaintiff's medical records.  <u>See</u> Docket Nos. 6, 7.

DISCUSSION

Plaintiff filed an amended complaint adding as defendants Superintendent Norton and Social Worker Smethurst.  After a preliminary screening pursuant to 28 U.S.C. § 1915(e), the Court will allow the amended complaint to be served on defendants Norton and Smethurst.  However, the amended complaint does not contain any specific allegations against Sheriff McDonald.  Thus, I find that plaintiff has failed to demonstrate any reason why the claims against the sheriff should not be dismissed.

To the extent Johnson seeks appointment of counsel, his request is denied without prejudice.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  <u>Desrosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be

2

indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  At this early stage in the litigation, the Court cannot find that exceptional circumstances exist warranting the appointment of counsel at this time.

Finally, to the extent plaintiff seeks his medical records from the Plymouth County Correctional Facility, he must contact the facility directly.  He may request the information informally by letter and avoid the expense of obtaining a subpoena.  If this informal method is not successful, under Rule 34(c), he may formally request the documents from a non-party through a subpoena under Rule 45.  Johnson's motion references the Freedom of Information Act, 5 U.S.C. § 552.  However, this statute does not apply to state agencies such as the Plymouth County Correctional Facility.

ORDER

Based upon the foregoing, it is hereby ORDERED

1.   The claims against Sheriff McDonald are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  The clerk shall terminate Sheriff McDonald as a defendant.

2.   The Clerk shall issue summonses for service of the amended complaint on defendants Norton and Smethurst.

3.   The Clerk shall send the summonses, amended complaint, and this Order to the plaintiff, who must thereafter serve the defendant(s) in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United

States Marshal shall serve the summons(es), amended complaint, and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

4.   Plaintiff's motion for appointment of counsel (Docket No. 5) is denied without prejudice.

5.   Plaintiff's Motion to Order Plymouth Correctional Facility to turn over all records (Docket No. 7) is denied.

SO ORDERED.


December 27, 2012                    /s/ Douglas P. Woodlock
DATE                                DOUGLAS P. WOODLOCK
                                    UNITED STATES DISTRICT JUDGE