UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENOH A. JOHNSON,                )
        Plaintiff,              )
                               )
        v.                     )     C.A. No. 12-10908-DPW
                               )
JOSEPH D. McDONALD, et al.,    )
        Defendants.            )
                               )

MEMORANDUM AND ORDER

For the reasons stated below, the Court denies plaintiff's motion for reconsideration of the December 27, 2012 Order dismissing the claims against Sheriff McDonald.  Plaintiff's motion for extension of time is granted in part, by extending the time limit for service of the summons and amended complaint on defendants Norton and Smethurst.

BACKGROUND

Plaintiff Enoh Johnson initiated this action one year ago by filing a pro se complaint against the Plymouth County Sheriff for alleged violations of his civil rights while he was detained at the Plymouth County Correctional Facility.  Since that time, plaintiff was advised of the pleading deficiencies of his original complaint.  Plaintiff filed an amended complaint and the Court dismissed the claims against Sheriff McDonald and permitted the claims against defendants Norton and Smethurst to proceed.

Although summons issued for service of defendants Norton and Smethurst, plaintiff failed to serve the amended complaint. Instead, he filed a motion for reconsideration of the dismissal of the claims against Sheriff McDonald.  See Docket No. 12.  He

also filed a motion seeking an extension of time to serve the defendants.  <u>See</u> Docket No. 13.

The Court's December 27, 2012 Order stated, among other things, that plaintiff failed to demonstrate any reason why the claims against Sheriff McDonald should not be dismissed because the amended complaint does not contain any specific allegations against Sheriff McDonald.  The Order also allowed the amended complaint to be served on defendants Norton and Smethurst.

In his motion for reconsideration, Johnson again complains that his health was deteriorating while in custody of the Sheriff McDonald.  He contends that the conduct complained of in his amended complaint was committed by Sheriff McDonald and that the Sheriff "had first hand knowledge of all grievances filed by plaintiff."  Finally, plaintiff explains that in 2010 he filed a petition for writ of habeas corpus.  <u>See</u> <u>Johnson v. McDonald</u>, Civil Action No. 10-10524-PBS (closed).  Because his habeas claims were permitted to proceed against Sheriff McDonald, he suggests that his Section 1983 claims in the instant action should be permitted to proceed against Sheriff McDonald.

DISCUSSION

Johnson argues that his Section 1983 claims should be permitted to proceed against Sheriff McDonald because his habeas action was permitted to proceed against Sheriff McDonald.  However, Johnson's reliance on the law of habeas corpus is

2

misplaced.   In a habeas action, the writ of habeas corpus is directed to Sheriff because his is "the person having custody of the person detained."   <u>See</u> 28 U.S.C. § 2243.   Unlike habeas actions, a defendant in a Section 1983 action must have personal involvement in the alleged constitutional deprivation.   It is not sufficient to name the Sheriff as a defendant merely because he had custody of the person detained.

Moreover, plaintiff's motion for reconsideration repeats many of the same allegations previously asserted against Sheriff McDonald and again fails to provide a basis for permitting service of the amended complaint on Sheriff McDonald.   There are no allegations that the Sheriff was personally involved in any of the incidents described in the amended complaint.

Finally, plaintiff will be granted an extension of time to serve his amended complaint on defendants Norton and Smethurst. Plaintiff is solely responsible for ensuring that service of process is made in a proper and timely fashion.   Failure to timely file proof of service may result in the dismissal of this action.

<u>ORDER</u>

Based upon the foregoing, it is hereby ORDERED

1.   The Motion (Docket No. 12) for Reconsideration is denied.

2.   Plaintiff's Motion (Docket No. 13) for Extension of Time is granted in part, by extending to July 26, 2013, the time limit for service of the summons and amended

complaint on defendants Norton and Smethurst.

3.   The Court directs the Clerk to issue new summonses for
     defendants Kelly Norton and Cara Smethurst.  The United
     States Marshal shall serve a copy of the summons and
     amended complaint upon these defendants in accordance
     with the Federal Rules of Civil Procedure with all
     costs of service to be advanced by the United States.

4.   Plaintiff is advised that, notwithstanding the fact
     that he may elect to have service made by the United
     States Marshals Service, he is solely responsible for
     ensuring that service of process is made in a proper
     and timely fashion, and failing to do so may result in
     a dismissal of this action.


SO ORDERED.


May 22, 2013                    /s/ Douglas P. Woodlock
DATE                           DOUGLAS P. WOODLOCK
                               UNITED STATES DISTRICT JUDGE